IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN E. FORTNEY,

                                         ORDER

                Plaintiff,

                                       09-cv-527-slc

     v.

CAPT. SCHULTZ,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Originally, this case was assigned to U.S. Magistrate Judge Stephen Crocker, with the reservation that he would not make dispositive rulings in the case unless the parties consented to his jurisdiction. Plaintiff provided notice of his consent in a letter dated October 22, 2009 "I . . . hereby give my consent to you, your honor - U.S. Judge Stephen L. Crocker." Defendant had consented previously, so on October 26, 2009, I entered an order referring the case to Magistrate Judge Crocker to conduct all proceedings under 28 U.S.C. § 636(c) and Fed, R. Civ. P. 73. Three weeks later, in a November 13, 2009 letter, plaintiff indicated that he was rescinding his consent to the magistrate judge's jurisdiction over his case. The clerk of court reassigned the case to a visiting judge, which will be the next district judge appointed to serve on this court. Now, in a letter dated December 1,

1

2009, plaintiff has asked to "reinstate my consent to Magistrate Judge Stephen L. Crocker," which I construe as a motion to withdraw the request to vacate the reference to the magistrate judge. The motion will be granted and Magistrate Judge Crocker will remain the presiding judge in this case.

28 U.S.C. § 636(c)(4) allows a court to "on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge..." Plaintiff has not made any such showing. In fact, plaintiff provides no explanation in his November 13 letter why Magistrate Judge Crocker should no longer preside over his case. He simply states "I rescind my consent to have U.S. Judge Stephen L. Crocker preside over case No. 09-cv-527-slc." He did not submit an affidavit in support of his request or attempt to provide a reason why the magistrate judge's jurisdiction should be rescinded. In the time since plaintiff filed his consent, the magistrate judge had entered only two orders in the case, one order denying plaintiff's motion to be transferred into federal custody and a second order denying without prejudice plaintiff's motion for summary judgment. Presumably, plaintiff was unhappy with these rulings and wished to have another judge preside over his case. However, this does not meet the "extraordinary circumstances" burden set out in § 636(c)(4). For that reason, the clerk should not have reassigned the case to a visiting judge. In any event, plaintiff now asks that the magistrate judge be reinstated as presiding judge. Absent a future showing that extraordinary circumstances exist to vacate

the reference of the magistrate judge to this case, Magistrate Judge Crocker will remain as presiding judge in this matter.

## ORDER

IT IS ORDERED that plaintiff Steven Fortney's motion to withdraw his motion to vacate reference to the magistrate judge, dkt. #32, is GRANTED. Plaintiff's motion to vacate his consent to reference to the magistrate judge, dkt. #27, is considered withdrawn.

Entered this 8th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge