IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN E. FORTNEY,

                Plaintiff,                ORDER

   v.

                                              09-cv-527-slc

CAPT. SCHULTZ,

                Defendant.

---

This a proposed civil action for monetary relief brought under 42 U.S.C. § 1983. Pro se plaintiff Steven Fortney is suing defendant Captain Schultz for violations of his due process rights under the Fourteenth Amendment. This case is before the court on defendant's motion for summary judgment because of plaintiff's failure to exhaust, dkt. 34, and plaintiff's motions to strike the affidavit of Tom Gozinske, dkts. 42 and 44. Although defendant's motion technically is deemed a summary judgment motion (because it the parties have submitted evidence beyond the pleadings), if the court grants the motion, this results in dismissal without prejudice as opposed to judgment against plaintiff.

I begin with plaintiff's motions to strike. In his first motion, he states that the affidavit was discovery and was made before discovery was allowed in this case. As I explained in the December 7, 2009 preliminary pretrial conference order, dkt. 38, to support a motion for summary judgment on the basis of plaintiff's failure to exhaust administrative remedies, defendant need only submit a motion, supporting affidavits, relevant exhibits and a supporting brief. Defendant submitted these documents in support of his motion. The information defendant submitted was not obtained through discovery. Therefore, plaintiff's first motion to strike will be denied.

In his second motion to strike, plaintiff contends that the affidavit should be stricken because it says it was signed on December 7, 2008 which was before plaintiff filed his complaint with the court. As defendant's counsel pointed out on December 29, 2009, dkt. 45, the mistake in the date on the affidavit was a typographical error and should have been December 7, 2009. Therefore, plaintiff's second motion to strike will be denied.

Next, I turn to defendant's motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. I am granting this motion and dismissing plaintiff's complaint without prejudice.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. Once defendant raises failure to exhaust as a defense, district courts lack discretion to decide claims on the merits unless the exhaustion requirements have been satisfied. *Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodruff*, 548 U.S. at 88-89.

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions,

prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.07(1) & 310.09. An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend to the appropriate reviewing authority (the warden or the warden's designee) that the complaint be granted or dismissed, or direct the inmate to attempt to resolve the complaint informally before filing a formal complaint. Wis. Admin. Code §§ DOC 310.07(2), 310.09(4).

Once the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct an additional investigation when appropriate, and make a recommendation to the secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

On March 27, 2009, plaintiff submitted an inmate grievance, No. 7284, regarding the denial of his right to question witnesses and to present oral, written and other evidence at a disciplinary hearing. Inmate complaint examiner Michael Mohr rejected plaintiff's complaint pursuant to Wis. Admin. Code § DOC 310.11(5)(c) because plaintiff failed to allege "sufficient facts upon which redress may be made." Dkt. 26, Attachment #1, p. 3. Specifically, Mohr

stated that plaintiff had failed to identify the conduct report about which he was complaining. Mohr advised plaintiff that could refile his complaint to include the conduct report number or that he could appeal the rejection of his inmate complaint to the warden within ten days. Plaintiff does not dispute that he never appealed this rejection or attempted to file a new grievance that clearly identified the relevant conduct report. Instead, he contends that he exhausted his administrative remedies because he appealed the disciplinary hearing decision. Plaintiff is incorrect.

Inmates may appeal disciplinary proceeding decisions to the warden. The warden's decision is final regarding the sufficiency of the evidence. However, an inmate may appeal procedural errors as provided under § DOC 310.08(3). Wis. Admin. Code § DOC 303.76(7)(a)-(d). Once the inmate has appealed the disciplinary hearing decision to the warden, he may use the inmate complaint system to raise procedural errors. Wis. Admin. Code § DOC 310.08(2)(a). Plaintiff followed this procedure up to a point. After he appealed the decision on his conduct report, he filed an inmate complaint concerning procedural errors that allegedly occurred during the proceedings. However, he failed to take any action after his inmate complaint was rejected. At a minimum, plaintiff was required to appeal the rejection or better still, file a new complaint that included the additional information that was specifically requested.

The point of the exhaustion requirement is to give prison officials the first opportunity to remedy a prisoner's complaint that his rights were violated. Plaintiff does not get to choose how to exhaust his administrative remedies; he must follow the Department of Correction's rules and procedures. When a complaint is rejected on a procedural ground, the inmate must cure the defect and resubmit his complaint properly so that the institution and corrections complaint

4

examiners and the Secretary of the Department of Corrections or his designee can review the prisoner's underlying claim that his rights are being infringed. Committing a procedural error does not absolve a prisoner from having to satisfy the exhaustion requirement. *See, e.g., Cannon*, 418 F.3d at 718-19 (prisoner failed to exhaust when he failed to timely file grievance by filing the grievance one day late of the six-month deadline); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process."). Because plaintiff did not correctly use the administrative process, he did not give the institution a full opportunity to consider his complaint.

### ORDER

IT IS ORDERED that:

(1) Plaintiff's motions to strike the affidavit of Tom Gozinske, dkts 42 and 44, are DENIED.

(2) Defendant's motion for summary judgment for plaintiff's failure to exhaust his administrative remedies, dkt. 34, is GRANTED and this case is DISMISSED WITHOUT PREJUDICE and the Clerk of Court is directed to close this case.

Entered this 27th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge